PISTACHIO GROUP OF the ASSOCIATION OF FOOD INDUSTRIES, INC., et al., Plaintiffs,

v.

UNITED STATES, Defendant,

California Pistachio Commission, et al., Defendant-Intervenors.

Court No. 86-04-00475.

United States Court of International Trade.

July 29, 1987.

---

Harris & Berg (Herbert E. Harris II and Cheryl Ellsworth), Washington, D.C., for plaintiffs.

Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, Dept. of Justice, Commercial Litigation Branch (Platte B. Moring, III), Washington, D.C., for defendant.

Fried, Frank, Harris, Shriver & Jacobson (David E. Birenbaum), Washington, D.C., for defendant-intervenors.

DiCARLO, Judge:

■ Plaintiffs brought this action under 19 U.S.C. § 1516a(a)(2)(A) (Supp. III 1985), by filing a summons within 30 days after the publication of a final affirmative countervailing duty and order. Plaintiffs filed their complaint 32 days after the filing of the summons, 2 days beyond the period set forth in section 1516a. In *Pistachio Group of Food Industries, Inc. v. United States*, 10 CIT ——, 642 F.Supp. 1176 (1986) the Court denied defendant's motion to dismiss the action for lack of jurisdiction and granted plaintiffs' motion to file its complaint out of time, relying on the language of 28 U.S.C. § 2636(c) (Supp. III 1985), Rule 3(a) of the Rules of this Court, and the precedent established in *Jernberg Forgings Co. v. United States*, 7 CIT 62 (1984), *vacated on other grounds*, 8 CIT 245 (1984).

Two months after the issuance of 642 F.Supp. 1176, our appellate court in *Georgetown Steel Corp. v. United States*, 801 F.2d 1308 (Fed.Cir.1986), ruled that this Court does not have jurisdiction over actions brought under section 1516a where the complaint is not filed within 30 days after the filing of a timely summons. Without addressing the Court's earlier opinion in this case, the appellate court overruled *Jernberg Forgings* and struck down Rule 3(a), which permitted an action under 19 U.S.C. 1516a(a)(2) to be "commenced by filing a summons only."

Although plaintiffs' advance several arguments why *Georgetown Steel* should only apply prospectively, the Court holds that this action cannot proceed in light of our appellate court's jurisdictional holding.

■ Nor can this case proceed by invoking the residual jurisdiction of the Court under 28 U.S.C. § 1581(i). It has been consistently held that absent certain exceptional circumstances, a party may not bring an action under section 1581(i) which could properly have been brought under another jurisdictional provision. *United States v. Uniroyal, Inc.*, 687 F.2d 467 (CCPA 1982); *Ferrostaal Metals Corp. v. United States*, 11 CIT ——, 664 F.Supp. 535 (1987); *Star Sales & Distributing Corp. v. United States*, 10 CIT ——, 663 F.Supp. 1127 (1986); *Pistachio Group of the Association of Food Industries, Inc. v. United States*, 10 CIT ——, 638 F.Supp. 1340 (1986).

The Court determines that it lacks jurisdiction in the instant action under the rule announced in *Georgetown Steel*. The opinion in 642 F.Supp. 1176 is vacated. Any arguments why this action should be heard should be brought before our appellate court.

The action is dismissed. So ordered.