Plaintiff's motions are denied and judgment is entered for defendants.

WIRE ROPE IMPORTERS' ASSOCIATION, PLAINTIFF *v.*
UNITED STATES, DEFENDANT

Court No. 93–04–00221

GRUPO INDUSTRIAL CAMESA, ET AL., PLAINTIFFS, AND WIRE ROPE IMPORTERS' ASSOCIATION, PLAINTIFF-INTERVENOR *v.* UNITED STATES, DEFENDANT, AND THE COMMITTEE OF DOMESTIC STEEL WIRE ROPE AND SPECIALTY CABLE MANUFACTURERS, DEFENDANT-INTERVENOR

Court No. 93–04–00236

(Decided May 26, 1994)

*Klayman & Associates, P.C. (Larry Klayman)* for Wire Rope Importers' Association.
*Lyn M. Schlitt,* General Counsel, *James A. Toupin,* Assistant General Counsel, United States International Trade Commission *(Lyle B. Vander Schaaf),* for the United States.
*Harris & Ellsworth (Herbert E. Harris II, Cheryl Ellsworth, Jeffrey S. Levin* and *Jennifer A. Fedor)* for the Committee of Domestic Steel Wire Rope and Specialty Cable Manufacturers.

## MEMORANDUM OPINION

DICARLO, *Chief Judge:* Pursuant to USCIT R. 11, defendant United States in these actions moves for sanctions against counsel for the Wire

---

[6] An agency is empowered to make reasonable interpretations of its own regulations and governing statutes. *See Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 843–44 (1984); *Udall v. Tallman,* 380 U.S. 1, 16 (1965). An agency likewise would seem to have parallel authority with regard to departmental orders directing it.

[7] It is irrelevant that Customs later reverted to use of names. Names themselves may in some circumstances be convenient, but they are not as specific as the complete code, i.e., filer code plus entry number.

[8] Plaintiff cites other defects in the computerized version of 4333 that was posted, but it does not claim that such defects invalidated the bulletin notice. Obviously, it is the type of major defect that would render the bulletin notice ineffective that is at issue.

Rope Importers' Association (WRIA), alleging counsel violated Rule 11 in filing WRIA's complaint and its opposition to defendant's motion to dismiss such complaint in *Wire Rope Importers' Ass'n v. United States,* Ct. No. 93–04–00221, and in filing WRIA's motions for intervention in *Grupo Indus. Camesa v. United States,* Ct. No. 93–04–00236. Defendant-intervenor in the latter action also moves for sanctions against counsel for WRIA, alleging his filing of WRIA's motions for intervention violated Rule 11. The court denies defendant-intervenor's motion and grants defendant's motion in part.

### BACKGROUND

The first of these actions, *Wire Rope Importers' Ass'n v. United States,* was brought by WRIA to contest the final determination of the International Trade Commission (ITC) in the antidumping investigation of *Steel Wire Rope from the Republic of Korea and Mexico,* 58 Fed. Reg. 16,206 (1993). WRIA did not file a complaint within 30 days of the filing of the summons as required by 19 U.S.C. § 1516a(a)(2) (1988). Defendant United States moved to dismiss based on the untimeliness of the complaint. WRIA filed an opposition to defendant's motion to dismiss, contending that the filing of a complaint was not necessary because its summons already contained sufficient notice required of a complaint or, in the alternative, that the filing of a complaint is not jurisdictionally necessary under the current statutory scheme.

The court granted the motion to dismiss, holding that under the decision of *Georgetown Steel Corp. v. United States,* 4 Fed. Cir. (T) 143, 801 F.2d 1308 (1986), the court lacks jurisdiction when the complaint in an action under 19 U.S.C. § 1516a(a)(2) is filed more than 30 days after the filing of the summons, and that WRIA presented no valid argument distinguishing its case from the established case law. *Wire Rope Importers' Ass'n v. United States,* 17 CIT 1092, Slip Op. 93–193 (Sept. 27, 1993). WRIA appealed the court's decision on October 1, 1993. The appeal, however, was dismissed by the Federal Circuit for failure to prosecute. *Wire Rope Importers' Ass'n v. United States,* No. 94–1010 (Fed. Cir. Dec. 28, 1993) (order of dismissal).

After defendant moved to dismiss WRIA's action, WRIA filed a motion to intervene as of right or alternatively by permission in the second of these actions, *Grupo Indus. Camesa v. United States,* which was brought by plaintiff Grupo Industrial Camesa to contest the same ITC determination. Defendant and defendant-intervenor in that case opposed WRIA's motion to intervene, alleging intervention was untimely under USCIT R. 24. The court granted WRIA's motion to intervene as of right, based on a finding that, under the unusual circumstances of the case, WRIA had shown good cause for the late filing of its motion to intervene under Rule 24(a). Opinion and Order dated October 7, 1993, Ct. No. 93–04–00236. The court held, however, that WRIA's intervention must be confined to the claims set forth in the complaint of

plaintiff Grupo Industrial Camesa because any new claim raised by WRIA would be time-barred under 19 U.S.C. § 1516a(a)(2). *Id.*

Prior to the court's decisions to dismiss WRIA's action and to grant WRIA's intervention in *Grupo Indus. Camesa,* defendant moved for Rule 11 sanctions against counsel for WRIA, alleging counsel's filings of WRIA's complaint and its opposition to defendant's motion to dismiss in WRIA's action, and his filing of WRIA's consolidated motions to intervene in *Grupo Indus. Camesa,* violated Rule 11. Defendant requested sanctions in the amount of $6,454.35, reflecting its attorney's billable time and charges for Westlaw database research. Defendant-intervenor in *Grupo Indus. Camesa* moved for Rule 11 sanctions against counsel for WRIA based on his filing of WRIA's motions to intervene, requesting sanctions in the amount of $2,070.00 to cover the cost of its counsel's billable time.

On March 7, 1994, the court held an oral argument, at which all the parties involved presented their arguments.

On May 18, 1994, the court dismissed *Grupo Indus. Camesa* upon a decision on merits. *Grupo Indus. Camesa v. United States,* 18 CIT 461, Slip Op. 94–82 (May 18, 1994).

### DISCUSSION

The question before the court is whether counsel for WRIA violated USCIT R. 11 in filing the above-mentioned pleading and motions. The court's dismissals of these actions do not affect its jurisdiction over Rule 11 proceedings arising out of them. *See Willy v. Coastal Corp.,* 503 U.S. 131, 112 S. Ct. 1076 (1992).

Rule 11 of the Rules of this court provides:

> Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address and telephone number shall be stated * * *. *The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation* * * *. If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

USCIT R. 11 (emphasis added).

This rule contains essentially the same provision as Rule 11 of the Federal Rules of Civil Procedure prior to December 1, 1993.[1] "[T]he central purpose of Rule 11 is to deter baseless filings in district court and thus * * * streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) (citation omitted). Rule 11 imposes an affirmative duty on attorneys to certify that they have conducted a reasonable inquiry and determined that any papers filed with the court are well-grounded in fact, legally tenable and not interposed for any improper purpose. *Id.*

Since the court granted WRIA's motion to intervene as of right in *Grupo Indus. Camesa v. United States*, Ct. No. 93–04–00236, the court must deny defendant-intervenor's motion and the portion of defendant's motion challenging counsel's filing of WRIA's motions to intervene in that action. What remain in question are the filings of WRIA's complaint and its opposition to defendant's motion to dismiss in *Wire Rope Importers' Ass'n v. United States*, Ct. No. 93–04–00221.

### 1. *Application of Rule 11:*

Rule 11 requires an attorney to make reasonable inquiry into the law before filing a pleading, motion or other paper with the court. In determining whether reasonable inquiry was made, "the applicable standard is one of reasonableness under the circumstances." *Business Guides, Inc. v. Chromatic Communications Enters.*, 498 U.S. 533, 551 (1991). Under the objective standard of reasonableness, a showing of subjective bad faith is not required to trigger the sanctions under the rule. *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 253–54 (2d Cir. 1985). "Rather, sanctions shall be imposed against an attorney * * * where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." *Id.* at 254.

Defendant contends that counsel for WRIA violated Rule 11 by knowingly filing an untimely complaint and subsequently raising frivolous legal arguments to justify that untimely filing. Defendant maintains that the papers filed by counsel are not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, as required by USCIT R. 11.

Counsel for WRIA admits that due to a flaw in his associate's research he missed the deadline for filing WRIA's complaint. Counsel claims, however, that he reasonably relied on the advice of his associate who reassured him that the filing of a complaint was unnecessary for the action, and that his subsequent decision to file a complaint despite its untimeliness was made "after a reasonable inquiry into whether [the late filing] was warranted by existing law or a good faith argument for the modification of existing law." Opp'n to Defs.' Rule 11 Motions, at 10.

---

[1] Rule 11 of the Federal Rules of Civil procedure was amended in 1993 and the amended Rule became effective as of December 1, 1993. Fed. R. Civ. P. 11 (1994).

According to counsel, he was aware of the holding in *Georgetown Steel,* but believed in good faith that his case was distinguishable. Counsel further reasoned that the late filing was necessary to prevent the action from being dismissed for lack of the filing of a complaint.

Under the circumstances, it may not be unreasonable for counsel to decide to proceed with a late filing in order to preserve WRIA's action in court. The question, however, is whether counsel's arguments justifying his non-compliance with the statutory filing requirement are "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." USCIT R. 11.

(a) *Argument under existing law:*

It is well established under *Georgetown Steel* that a civil action under 19 U.S.C. § 1516a(a)(2) must be commenced by two steps specified in that section: the filing of a summons within 30 days of the date of publication of the determination in the Federal Register; and the filing of a complaint within 30 days thereafter. *Georgetown Steel,* 4 Fed. Cir. (T) at 146–49, 801 F.2d at 1311–13 (holding that the court lacks jurisdiction where a complaint was filed more than 30 days after the filing of the summons); *Pistachio Group of Ass'n of Food Indus., Inc. v. United States,* 11 CIT 537, 667 F. Supp. 886 (1987) (dismissing action where plaintiffs filed a complaint 32 days after the filing of the summons); *Bearings Importers Group of Aerospace Indus. Ass'n of Am., Inc. v. United States,* 13 CIT 688 (1989) (dismissing action where plaintiffs failed to file complaints after the filings of summonses). "Since section 1516a(a)(2)(A) specifies the terms and conditions upon which the United States has waived its sovereign immunity in consenting to be sued in the Court of International Trade, those limitations must be strictly observed and are not subject to implied exceptions." *Georgetown Steel,* 4 Fed. Cir. (T) at 147, 801 F.2d at 1312 (citing *Lehman v. Nakshian,* 453 U.S. 156 (1981)); *accord NEC Corp. v. United States,* 5 Fed. Cir. (T) 49, 51, 806 F.2d 247, 249 (1986).

Counsel argued that WRIA's case is distinguishable from *Georgetown Steel* because the Federal Circuit in that case did not reach the question of whether a summons setting forth the grounds for an action could, in effect, serve as a complaint. Counsel claimed that WRIA's summons gave explicit notice of the grounds for its action and thus, it in effect constituted a complaint.

Counsel's argument has no merit. WRIA's summons did not contain any claim for relief or demand for judgment; as such, it did not meet the basic requirements of a complaint. *See* USCIT R. 8(a), and Practice Comment thereunder. The paragraph in the summons that allegedly gave explicit notice of the grounds for the action merely stated the following:

The United States International Trade Commission("ITC"), after a 3–3 vote, made affirmative final determinations that an industry in the United States is materially injured by reason of imports of

steel wire rope from the Republic of Korea and Mexico that are sold in the United States at less than fair value.

WRIA's Summons, ¶ 2. This statement contained no more than a brief description of the fact that the ITC made an injury determination after a 3–3 vote. In contrast, WRIA alleged in its untimely filed complaint that the ITC's determination, based on a 3–3 vote, violated its constitutional rights under the due process and equal protection clauses of the United States Constitution. Compl. ¶ 14. Nowhere in WRIA's summons, however, could defendant be expected to find such constitutional claims.

(b) *Argument for modification of existing law:*

Counsel for WRIA contended, in the alternative, that there exists a good faith argument for the modification of existing law, namely, the filing of a complaint is not a jurisdictional prerequisite under the current statutory scheme because 28 U.S.C. § 2636(c), not 19 U.S.C. § 1516a (a)(2), governs jurisdiction. WRIA's Opp'n to Def.'s Motion to Dismiss, at 3. Counsel failed to mention, however, that this argument had already been rejected by the Federal Circuit. *See Georgetown Steel,* 4 Fed. Cir. (T) at 147–48, 801 F.2d at 1312–13 (holding that 28 U.S.C. § 2636(c) did not modify the filing requirement in 19 U.S.C. § 1516a(a)(2)(A)). Counsel subsequently advised the court that he decided to raise this argument again because the holding of *Georgetown Steel* has never been reviewed by the Supreme Court and because the composition of the Federal Circuit has changed since that decision. Opp'n to Defs.' Rule 11 Motions, at 11.

Again, counsel's arguments are without merit. First, judicial precedents need not be Supreme Court decisions to fall within the meaning of "existing law" under Rule 11. *See e.g., DeSisto College, Inc. v. Line,* 888 F.2d 755, 764–65 (11th Cir. 1989) (binding precedent in the circuit showed that unwarranted filing by party justified Rule 11 sanctions), *cert. denied,* 495 U.S. 952 (1990). Few decisions of this court have ever reached the Supreme Court, and it strains credulity to believe that the Supreme Court would grant a writ of certiorari to hear the issue of whether a complaint is jurisdictionally required under 28 U.S.C. § 1581(c) for an action commenced pursuant to 19 U.S.C. § 1516a. Furthermore, contrary to counsel's claim that he intended to have the Federal Circuit reconsider the holding in *Georgetown Steel,* counsel has failed to pursue his appeal of the court's decision dismissing WRIA's complaint. *See Wire Rope Importers' Ass'n v. United States,* No. 94–1010 (Fed. Cir. Dec. 28, 1993) (order of dismissal for failure to prosecute).

More importantly, counsel's underlying argument for the modification of existing law has lost ground since the 1984 amendment of 28 U.S.C. § 2636(c). Prior to the amendment, the statute provided that an action under 19 U.S.C. § 1516a "is barred unless commenced in accordance with the rules of the Court of International Trade *within thirty days after the date of the publication of such final determination in the Federal Register."* 28 U.S.C. § 2636(c) (1982) (emphasis added). It

was based on this provision that Georgetown Steel argued (unsuccessfully) that the only prerequisite for invoking the jurisdiction of this court was the filing of a summons within 30 days after the publication of the determination in the Federal Register.[2] The statute, however, was amended by the Trade and Tariff Act of 1984, Pub. L. 98–573, § 623(b)(1)(A), 98 Stat. 3041, to read:

> A civil action contesting a reviewable determination listed in section 516A of the Tariff Act of 1930 [19 U.S.C. § 1516a] is barred unless commenced in accordance with the rules of the Court of International Trade *within the time specified in such section.*

28 U.S.C. § 2636(c) (1988) (emphasis added). Although the amendment was made for purposes unrelated to this issue, it has the effect of practically removing the foundation of counsel's argument, that is, 28 U.S.C. § 2636(c) contains different jurisdictional requirements from 19 U.S.C. § 1516a and the former, rather than the latter, controls. The plain language of amended § 2636(c) makes it clear that a party commencing an action pursuant to 19 U.S.C. § 1516a must comply with "the time specified in that section," which requires, for an action under § 1516a(a)(2), both the filing of a summons within 30 days of publication of the determination and the filing of a complaint within 30 days thereafter.

The court notes that counsel did quote § 2636(c) in its amended form, but went on to assert that, when 19 U.S.C. § 1516a "is read in connection with 28 U.S.C. § 2636(c) above, it becomes clear that 28 U.S.C. § 2636 (c)—and not 19 U.S.C. § 1516a(a)(2)(A)—governs jurisdiction." WRIA's Opp'n to Def. 's Motion to Dismiss, at 3. Beyond this assertion, however, counsel has offered no explanation for his position.

The court further notes that, in presenting his argument based on § 2636(c), counsel failed to mention that the same argument had already been rejected by the Federal Circuit in *Georgetown Steel.* It was not until after defendant pointed out this omission that counsel advised the court of his intention to argue for modification of the holding in *Georgetown Steel.* Failure to cite controlling law can also be the basis for Rule 11 sanctions. *See* Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, Civil 2d § 1335 (Supp. 1993), and cases cited in n. 30.

Rule 11 "is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories," and the court "should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted." Notes of Advisory Committee on Rules, Fed. R. Civ. p. 11, 1983 Amendment. Thus, in determining what constitutes a reasonable inquiry, the court is directed to take into consideration such factors as how much time for investigation was available to the signer, whether he depended on another member of the bar, or whether the paper was based on a plausible view of the

---

[2] Although *Georgetown Steel* was decided in 1986, the court there applied the 1982 version of the statute, which was in effect when Georgetown Steel filed its summons. *See Georgetown Steel,* 4 Fed. Cir. (T) at 147, 801 F.2d at 1312.

law. *Id.* In this case, the applicable statutes and existing Precedents are limited in number, and counsel had sufficient time for investigation.[3] Although counsel missed the deadline for filing WRIA's complaint as a result of relying on the advice of his associate,[4] counsel admits that he was fully aware of the existing law before deciding to file the complaint beyond the statutory time limit. As previously discussed, counsel has failed to present a plausible view of the law.

Counsel's untimely filing of WRIA's complaint and WRIA's opposition to defendant's motion to dismiss the complaint are not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, as required by USCIT R. 11. Even if counsel's initial decision to file WRIA's complaint out of time could be explained by his concern for preserving WRIA's action in court, after reasonable inquiry, counsel should have come to the conclusion that the untimely filing stood no chance of success under the existing law and that he had no reasonable argument for the modification of the existing law. At that point, counsel could have withdrawn the complaint or, at least, should not have opposed defendant's motion to dismiss the complaint. By raising frivolous arguments to justify his non-compliance with the statutory filing requirements in WRIA's action, counsel has violated his affirmative duty under USCIT R. 11.

## 2. *The Appropriate Sanction:*

Rule 11 requires the court to impose upon a person in violation of the Rule an "appropriate sanction." While the court must find violations of the Rule by an objective standard, it has discretion to tailor sanctions to the particular facts of the case. Notes of Advisory Committee on Rules, Fed. R. Civ. p. 11, 1983 Amendment. The sanction may be monetary—in an amount based on the attorney's fees, reasonable expenses, or in the nature of fines or penalties—or nonmonetary, in the form ranging from an oral reprimand to suspension or disbarment from practice. *See* Wright & Miller, *supra* § 1336, and cases cited in nn. 74–81, 87–90.

A monetary sanction is appropriate in this situation. Counsel's frivolous filings have wasted time and resources of defendant as well as of the court. Defendant submitted a bill showing the expenses it incurred in relation to WRIA's filings. *See* Def.'s R. 11 Motion, Attach. 4. Upon reviewing the bill and considering the circumstances of this case, the court directs counsel to pay to defendant United States the amount of one thousand five hundred dollars.

---

[3] Defendant's motion to dismiss was filed on June 16, 1993; WRIA's opposition to defendant's motion to dismiss was dated July 21, 1993.

[4] The court recognizes that the language of USCIT R. 3(a) may have contributed to his associate's confusion about the filing requirements. Rule 3(a) provides that an action contesting a determination under 19 U.S.C. § 1516a(a)(2) or (3) is "commenced by filing a summons only." However, practice Comment to Rule 3 cites *Georgetown Steel* and states: "As provided in [19 U.S.C. § 1516a(a)(2) and (3)], a complaint shall be filed within 30 days after the filing of the summons." Since counsel claims that he was fully aware of the existing law before the filing, whether Rule 3(a) originally misled his associate is irrelevant to this decision.

486

## CONCLUSION

The court holds that counsel for WRIA signed WRIA's complaint and WRIA's opposition to defendant's motion to dismiss the complaint in *Wire Rope Importers' Ass'n v. United States,* Ct. No. 93–04–00221, in violation of USCIT R. 11. Consequently, counsel for WRIA is required to pay the amount of one thousand five hundred dollars to defendant United States.