**Timothy ROBERTS, Individually and as Next Friend of Melody Roberts, a Minor, Plaintiff,**

v.

**CARRIER CORPORATION, et al., Defendants.**

**Civ. No. F 85–371.**

United States District Court, N.D. Indiana, Fort Wayne Division.

Nov. 4, 1987.

Russell L. Cook, Jr., Young, Cook & Hampton, Houston, Tex., Gilbert I. Low, Orgain, Bell & Tucker, Beaumont, Tex., for Roberts.

Ben H. Sheppard, Jr., Vinson & Elkins, Houston, Tex., for Hamilton Standard.

James P. Fenton and William F. McNagny, Barrett & McNagny, Fort Wayne, Ind., for Hamilton Standard and Carrier Corp.

## ORDER

WILLIAM C. LEE, District Judge.

This matter is before the court on a motion for permissive intervention under Fed.R.Civ.P. 24(b), filed by Carl E. Tratchel, Individually, and Dorothy Tratchel, as the Guardian of Carl E. Tratchel and the Conservator of His Property; Judy J. Tratchel; Dorothy Tratchel, Individually; and Leland Tratchel (Intervenors). The intervenors ask the court to grant their Rule 24(b) motion so that they may have access to certain documents presently under seal with the Clerk of this court. Those documents were sealed in *Roberts v. Carrier Corp.*, 107 F.R.D. 678 (N.D.Ind.1985), a case which was dismissed on November 1, 1985. The intervenors' attorney's motion to appear *pro hac vice* is granted. For the reasons set forth below, the intervenors' motion will be denied.

### I.
### *Procedural Posture*

*Roberts v. Carrier Corp.*, F 85–371, arose out of a personal injury case in Texas as an ancillary proceeding. The plaintiffs sought to depose representatives of Hamilton Standard Controls, a nonparty to the underlying *Roberts* personal injury action. Hamilton was located in the Northern District of Indiana. The underlying action involved the injuries that Melody Roberts suffered in a house fire allegedly caused by a furnace manufactured by Carrier Corp. The plaintiff sought information relating to the furnace and its parts and a discovery dispute ensued. The court took *in camera* possession of a set of documents produced to the Consumer Product Safety Commission for inspection and ruling on the applicability of the privilege of critical self-analysis. Before the court ruled on the question of this privilege as it related to these documents, the underlying personal injury case in Texas was settled. As to a second set of documents, all communications and agreements between Carrier Corp. and Hamilton Standard Controls, the court denied the plaintiff's motion to compel, ruling that the plaintiff had failed to make the requisite showing to overcome the work product privilege implicit in Fed. R.Civ.P. 26(b)(3).

During the pendency of *Roberts v. Carrier Corp.*, F 85–371, certain other documents were produced by Hamilton and depositions were held pursuant to two protective orders entered. These orders were

entered by the consent of the parties. Under an order dated September 30, 1985, plaintiff Roberts was placed under the court's mandate that any documents produced by Hamilton were to "be used solely for the preparation and trial of the above-captioned [*Roberts*] lawsuit and for no other purpose."

The intervenors are residents of Iowa and are presently involved in a personal injury action in Jasper County, Iowa, involving injuries sustained as the result of a gas explosion and fire in their home. Among the defendants is Essex Group, Inc., the manufacturer of the SX242 N gas valve, the same gas valve which was involved in *Roberts v. Carrier Corp.*, F 85–371. Essex Group, Inc., Hamilton Standard Central, Inc., Carrier Corp., and United Technologies, Inc., are all affiliated corporate entities. The intervenors believe that the documents which are presently under seal in this court contain certain information regarding potential defects in the design of the gas valve. The intervenors have unsuccessfully requested in the Iowa action that Essex Group, Inc. turn over the sealed documents. Essex Group, Inc. produced redacted versions of the Consumer Products Safety Commission documents in the Iowa action, and the Iowa court denied the intervenors' motion to compel production of the unredacted versions. Thus, the discovery which the intervenors seek in *Roberts v. Carrier Corp.*, F 85–371, has already been sought in the underlying Iowa action and denied.

## II.
### *Analysis*

The court notes at the outset that the intervenors' motion is not made pursuant to Fed.R.Civ.P. 24(a); the intervenors do not seek "intervention of right." Rather, the intervenors allege that their claim and the claim in *Roberts v. Carrier Corp.* have common questions of law or fact, so that permissive intervenion is proper under Rule 24(b). The distinction between intervention of right and permissive intervention is important because "it is wholly discretionary with the court whether to allow intervention under Rule 24(b) and even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention." Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 1913 (2d ed. 1986).

▮ Of course, the exercise of discretion in allowing permissive intervention presupposes that the court has jurisdiction. The jurisdictional requirement is separate and distinct from the "timeliness" requirement, a requirement discussed by both parties in the briefs. As one commentator has said:

> Intervention cannot cure any jurisdictional defect that would have barred the federal court from hearing the original action. *Intervention presupposes the pendency of an action in a court of competent jurisdiction* and cannot create jurisdiction if none existed before.

Wright, Miller & Kane, § 1917 (emphasis added). By definition, intervention is an ancillary proceeding in an existing lawsuit. *Noncommissioned Officers Assn. of the United States v. Army Times Publishing Co. v. Belth*, 637 F.2d 372, 373 (5th Cir. 1981), *modified on other grounds and reinstated*, 650 F.2d 83 (5th Cir.1981). Thus, when a lawsuit is settled and dismissed there is no existing suit within the court's jurisdiction to provide a basis for permissive intervention. *Id.* at 373. *See also* Wright, Miller, § 1917 n. 1, and cases cited therein. In this case the lawsuit into which permissive intervention is being sought was dismissed on November 1, 1985. There is, therefore, no pending action and the motion to intervene must be denied for lack of jurisdiction.

▮ Even assuming jurisdiction, the court notes that the intervenors' Rule 24(b) motion is untimely. The rule itself requires that an application to intervene be timely. It is true, as the intervenors point out, that an application may be timely even after judgment. *United States v. Griffin*, 782 F.2d 1393, 1399 (7th Cir.1986). Timeliness depends on the dispatch with which the intervenor acts after learning of the grounds for intervention and on the extent to which be-

lated intervention will cause prejudice to other litigants. *Id.* Courts, however, are extremely reluctant to allow intervention after an action has gone to judgment and intervention is only allowed on a strong showing by the applicant. This is because intervention after judgment will generally either prejudice the rights of existing parties to the litigation or substantially interfere with the orderly processes of the court. *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1072 (5th Cir.1970). *See also* Wright & Miller, § 1916. One particularly good reason for allowing intervention after judgment, which is obviously not present in this case, is so that the intervenor can prosecute an appeal that the existing party has determined not to take. *See Baker v. Wade,* 769 F.2d 289 (5th Cir.1985). When no appeal is pending or when judgment has been affirmed on appeal intervention is regularly disallowed. *See, e.g., Landreth Timber Co. v. Landreth,* 731 F.2d 1348 (9th Cir.1984), *rev'd on the merits,* 471 U.S. 681, 105 S.Ct. 2297, 85 L.Ed.2d 692 (1985). *See also Alleghany Corp. v. Kirby,* 344 F.2d 571 (2nd Cir.1965), *cert. dismissed,* 384 U.S. 28, 86 S.Ct. 1250, 16 L.Ed.2d 335 (1966). In this case, the underlying lawsuit was dismissed years ago and any attempt by the intervenors to resurrect it would be untimely, even if the court had jurisdiction.

Lastly, while it might be overkill, the court simply points out that even if jurisdiction existed, and even if intervention was timely, it is clear that it would be required to exercise its discretion to deny intervention in this case. First, the intervenors are already party to other litigation in which their rights can be fully determined, *Meridian Homes Corp. v. Nicholas W. Prassas & Co.,* 89 F.R.D. 552 (N.D.Ill. 1981), and there is another adequate remedy available to them to protect their rights. *Korioth v. Briscoe,* 523 F.2d 1271 (5th Cir. 1975). Both of these realities counsel against intervention. The fact that the Iowa court did not grant the intervenors the relief which they sought in their discovery motion in that court, does not change the fact that they had an adequate remedy available to protect their rights to the materials they sought to discover. The fact that intervention would prejudice the rights of the original parties in *Roberts v. Carrier Corp.,* F 85–371, is manifested by the fierce opposition to the motion to intervene by the original defendants in that case, and is a further ground for denying the motion to intervene. *See, e.g., Citizens for an Orderly Energy Policy, Inc. v. Suffolk County,* 101 F.R.D. 497, 502 (E.D.N.Y. 1984); *Payne v. Weirton Steel Co.,* 397 F.Supp. 192 (N.D.W.V.1975). *See also* Wright & Miller, § 1913. For all of these reasons, the court would not exercise its discretion to allow intervention even if it had jurisdiction, and even if the intervenors had filed a timely motion under Rule 24(b).

### III.
*Conclusion*

For all of the foregoing reasons, the intervenors' Rule 24(b) motion is hereby DENIED. The intervenors' attorney's motion to appear *pro hac vice* is GRANTED.