**E.I. DUPONT DE NEMOURS & COMPANY, Plaintiff,**

v.

**The UNITED STATES, Defendant,**

and

**Aramid Products V.O.F. and Akzo Nobel Aramid Products, Inc., Defendant–Intervenors.**

**Slip Op. 98–84.
Court No. 96–11–02509.**

United States Court of International Trade.

June 23, 1998.

Wilmer, Cutler & Pickering, (John D. Greenwald and Ronald I. Meltzer), Washington, DC, for Plaintiff.

Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, Velta A. Melnbrencis, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Mark L. Josephs), Washington, DC, for Defendant.

Adduci, Mastriani & Schaumberg, L.L.P., (Barbara A. Murphy, Tom M. Schaumberg, and Gregory C. Anthes), Washington, DC, for Defendant–Intervenors.

## OPINION

RESTANI, Judge.

This matter is before the court on plaintiff E.I. DuPont DeNemours & Company's ("DuPont") motion for an extension of time for filing a notice of appeal upon showing of good cause. The court denies the motion and rejects plaintiff's notice of appeal.

Plaintiff filed a USCIT R. 56.2 motion for judgment on the agency record challenging Commerce's final results in the first administrative review. On January 29, 1998, this court affirmed Commerce's results. *E.I. DuPont de Nemours & Co. v. United States,* 1998 WL 42598 (Ct. Int'l Trade 1998). DuPont filed a notice of appeal on March 31, 1998, one day late. DuPont simultaneously filed a motion for enlargement of time upon a showing of good cause asserting the following reasons. First, DuPont believed that Fed. R.App.P. 26(c) provided three additional days after service by mail. Counsel for DuPont confirmed this belief in a March 5, 1998, telephone conversation with the office of the Clerk of the Court for the Federal Circuit. In a March 31, 1998, telephone conversation, the office of the Clerk of the Court of International Trade, however, informed counsel that it was unaware of any such three day rule.

In a supplemental memorandum filed on April 9, 1998, DuPont asserted an additional reason allegedly constituting a showing of good cause or excusable neglect. DuPont asserted that the time for filing should run from February 9, 1998, the date the court disposed of defendant-intervenors' subsequent motion to seal a portion of the opinion. The court disposed of that motion by bracketing part of the text in two sentences of the confidential version and thus prevented its revelation in the public version of the opinion.

In its reply memorandum, DuPont asserted yet another reason for its failure to file its notice of appeal. Here, DuPont asserts that the competing demands of business and conflicting personnel schedules prevented it from deciding earlier if it should appeal.

### I. Timeliness of Notice of Appeal

■ The rules establishing the time limitations on filing a notice of appeal are clear and undisputed. Federal Rule of Appellate Procedure 4(a)(1) requires a party to file a notice of appeal with the trial court within sixty days of the entry of the judgment which the party seeks to appeal. The additional three days provided for mail service under Fed. R.App.P. 26(c) do not extend the sixty day period specified in Fed.R.App.P. 4(a)(1). *Sofarelli Assocs., Inc. v. United States,* 716 F.2d 1395, 1396 (Fed.Cir.1983). The court entered judgment on January 29, 1998; therefore, DuPont should have filed its notice of appeal on March 30, 1998. Thus, plaintiff's notice of appeal, filed on March 31, 1998, was untimely.

■ Plaintiff also argues that defendant-intervenors' motion to seal a portion of the opinion was either a USCIT R. 59(e) motion to alter or amend the judgment, or a USCIT R. 60 motion to correct clerical or other mistakes. Plaintiff argues that because defendant-intervenors filed such a motion, pursuant to Fed.R.App.P. 4(a)(4) [1], the time for

---

1. Fed.R.App.P. (4)(a)(4) states:
   (a) Appeal in a Civil Case.—

   . . .

   (4) If any party files a timely motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the

order disposing of the last such motion outstanding. This provision applies to a timely

filing a notice of appeal runs from entry of the order disposing of the last such motion, here, February 9, 1998. The court is unpersuaded. Unlike a USCIT R. 59 or 60 motion, defendant-intervenors' motion sought to enclose specific text within brackets in the confidential version thereby sealing that text from public view. This did not "change" the text of the opinion, either substantively or non-substantively. The words of the opinion are exactly the same.

## II. Extension of Time to File an Appeal

██ In the alternative, plaintiff argues that the court should grant its Fed.R.App.P. 4(a)(5)[2] motion for an extension of time for filing a notice of appeal upon a showing of good cause. The decision to grant or deny a motion to extend time for filing a notice of appeal is discretionary and requires a showing of "excusable neglect or good cause."[3] *Penrod Drilling Co. v. United States,* 925 F.2d 406, 408 (Fed.Cir.1991). Finding excusable neglect requires an analysis of

> motion under the Federal Rules of Civil Procedure:
> . . .
> (C) to alter or amend the judgment under Rule 59;
> . . .
> (F) for relief under Rule 60 if the motion is filed no later than 10 days after the entry of judgment.

**2.** Fed.R.App.P. 4(a)(5) states:
The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a).

**3.** The parties dispute whether a showing of either good cause or excusable neglect is sufficient to grant an extension of time when the motion is filed after the time to appeal has run. Defendant-intervenors note that the majority of circuits have held that when the motion is filed after time has lapsed, only a showing of excusable neglect is sufficient. *See, e.g., Thompson v. E.I. DuPont de Nemours & Co.,* 76 F.3d 530, 532 (4th Cir. 1996) ("join[ing] the overwhelming majority of our sister circuits in holding that the 'good cause' standard is only applicable to motions for enlargement of time filed within thirty days of the entry of judgment"); *Bartunek v. Bubak,* 941 F.2d 726, 728 (8th Cir.1991) (same); *Parke–Chapley Constr. Co. v. Cherrington,* 865 F.2d 907, 909–10 (7th Cir.1989) (same). DuPont cites to cases that are at best unclear as to whether the Federal Circuit follows this approach. *Compare Penrod Drilling Co.,* 925 F.2d at 408 (finding

all relevant circumstances surrounding the party's omission . . . [including] the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

██ The court finds that DuPont's showing does not rise to the level of either excusable neglect or good cause. DuPont's reasons for the delay are unpersuasive and were generally within the control of DuPont. First, reliance on legal advice of the clerk's office or counsel's misinterpretation of the law does not justify the untimely filing of the notice of appeal because the Federal Rules and case law interpreting the rules are clear.[4] *See Kraft, Inc. v. United States,* 85

appellant had not made showing of "excusable neglect or good cause"), *with United States v. Atkinson,* 748 F.2d 659, 661 (Fed.Cir.1984) (noting that rule requires a showing of excusable neglect or good cause, but holding that there was no basis to support a finding of excusable neglect). We do not reach this issue because DuPont has failed to demonstrate either good cause or excusable neglect.

**4.** DuPont suggests that courts have found counsel's reliance on advice from the clerk's office or erroneous conduct of the court as sufficient to show excusable neglect. Contrary to DuPont's assertion, the cases it cites are distinguishable from this situation. In the cases cited by DuPont, the moving party suffered unpreventable harm by the court's conduct. *See Redfield v. Continental Cas. Corp.,* 818 F.2d 596, 602–03 (7th Cir.1987) (finding excusable neglect in the court's failure to enter order dismissing case under correct case number on correct docket sheet thereby preventing party from learning of order and from timely filing appeal); *Farthing v. City of Shawnee Kansas,* 1994 WL 68715, *2 (D.Kan. Jan.12, 1994) (finding excusable neglect in counsel's reliance on clerk's incorrect advice that counsel's notice of appeal, inadvertently filed without a check, would be considered timely filed even if the check was mailed later); *Milwee v. Peachtree Cypress Inv. Co.,* 510 F.Supp. 290, 291–92 (E.D.Tenn.1979) (finding counsel's misunderstanding of law constituted excusable neglect where counsel acted in good faith, was not too busy to attend to affairs, and did not act out of a tactical decision). Here, even assuming

F.3d 602, 609 (Fed.Cir.1996) (finding counsel's explanation that its failure to file a timely notice of appeal can be blamed on the clerk's office not compelling, because counsel's delay was attributable to his own misreading of the rules). Similarly, having an active practice with conflicting demands on counsel's time does not constitute a showing of excusable neglect. *Baker v. Raulie*, 879 F.2d 1396, 1399–1400 (6th Cir.1989) (finding attorney's failure to file notice of appeal because he was "busy" on another matter may amount to neglect, but it is not excusable); *Pinero Schroeder v. Federal Nat'l Mortgage Ass'n*, 574 F.2d 1117, 1118 (1st Cir.1978) (same).

Other factors used in the excusable neglect standard also favor denying the motion. As DuPont itself notes, the same issues that it plans to raise on appeal are raised in the second administrative review. Thus, the denial of the motion will not bar possible relief to DuPont, as DuPont will have a second chance to receive further judicial review. Similarly, the court questions the validity of counsel's claimed confusion in its belief that the motion to seal a portion of the opinion tolled the time to file the appeal as counsel failed to include this reason in its original motion, adding it only in a "supplemental" memorandum.

The same analysis leads to the conclusion that DuPont has not made a showing of good cause. First, the erroneous advice upon which DuPont relied was provided by the clerk of the Federal Circuit, a court which does not address in the first instance waivers of untimely filing of a notice of appeal. Second, the appeals process itself was extremely simple as evidenced by the three line notice filed by plaintiff on March 31, 1998. Thus, if plaintiff were concerned about the applicability of the mail rule, it could have researched the law or simply filed the three line appeal earlier.

Motion denied. Plaintiff's motion to restore the preliminary injunction pending appeal is also denied.

---

counsel was harmed by the clerk's advice, preventing that harm was not out of counsel's control. Counsel could have researched the law or

## JUDGMENT

This case having been submitted for decision and the Court, after deliberation, having rendered a decision therein; now, in conformity with that decision,

**IT IS HEREBY ORDERED:** that plaintiff's motion for extension of time to file a notice of appeal is denied and its notice of appeal is rejected as untimely; and

**IT IS HEREBY ORDERED:** that plaintiff's motion to restore the preliminary injunction pending appeal is denied.

managed its competing business demands more efficiently, allowing for an earlier decision to appeal.