**SIAM FOOD PRODUCTS PUBLIC CO., LTD., Plaintiff,**

v.

**UNITED STATES, Defendant.**

**THE THAI PINEAPPLE PUBLIC CO., LTD., Plaintiff,**

v.

**UNITED STATES, Defendant.**

Nos. 98–03–00558, 98–03–00559
SLIP OP. 98–120.

United States Court of
International Trade.

Aug. 17, 1998.

Willkie Farr & Gallagher, (Robert L. LaFrankie, Matthew R. Nicely, and Kenneth J. Pierce) for Siam Food Products Public Co., Ltd. and The Thai Pineapple Public Co., Ltd.

David M. Cohen, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, (Lucius B. Lau), Andrew Pincus, Office of the General Counsel for Import Administration, United States Department of Commerce, for defendant.

Collier, Shannon, Rill & Scott, PLLC, (Paul C. Rosenthal and David C. Smith) for Maui Pineapple Co., Ltd. and International Longshoremen's and Warehousemen's Union.

## OPINION

RESTANI, Judge.

These matters are before the court on Maui Pineapple Co., Ltd. and the International Longshoremen's and Warehousemen's Union (collectively "movants") motions to intervene in *Siam Food Products Public Co., Ltd. v. United States*, Court No. 98–03–00558, and *The Thai Pineapple Public Co., Ltd. v. United States*, Court No. 98–03–00559, pursuant to USCIT Rule 24 and 28 U.S.C. § 2631(j)(1)(B) (1994). Both cases seek judicial review of the same agency determination, *Canned Pineapple Fruit from Thailand*, 63 Fed.Reg. 7392 (Dep't Commerce 1998)(final results). The motions and responses in opposition[1] are identical in both

---

1. Defendant consented to both motions to intervene.

cases, and the analysis and conclusion is the same. The issue is whether under USCIT Rule 24 the movants have demonstrated good cause for the untimely filing of their motions to intervene in these 28 U.S.C. § 1581(c) (1994) actions seeking review of the final results of an administrative review.

## BACKGROUND

On February 13, 1998, the Department of Commerce published the final results of the administrative review of the outstanding antidumping duty order on *Canned Pineapple Fruit from Thailand* for the period of January 11, 1995, through June 30, 1996. *See* 63 Fed.Reg. at 7392. On March 13, 1998, plaintiffs filed summonses seeking review of the final results. They filed civil complaints against the United States in these actions on March 24, 1998.

Maui Pineapple Co. and the International Longshoremen's and Warehousemen's Union jointly filed two motions on May 5, 1998, seeking an order granting them leave to intervene as of right as parties-defendants pursuant to USCIT Rule 24(a). It is undisputed that the motions were filed late. Movants' reason for their failure to file on time is that they were "unable to secure the necessary approval of Maui Pineapple Co., Ltd .... to intervene in this matter" until shortly before filing. *Mot. to Intervene,* at 2. It is also undisputed that movants are interested parties as defined in 19 U.S.C. § 1677(9) (1994).

## DISCUSSION

Rule 24(a), *Intervention of Right,* is comprised of two unlabeled paragraphs. USCIT Rule 24(a). Each paragraph contains a Part (1) and a Part (2). *Id.* The first paragraph of Rule 24(a) (specifying two rights of intervention) is identical to Federal Rule of Civil Procedure 24(a) in its entirety. *Compare* USCIT Rule 24(a)(para.1) *with* Fed.R.Civ.P. 24(a). The second paragraph of 24(a) was added by amendment effective January 1, 1993.

The second paragraph of Rule 24(a) is unique to this court and provides a 30–day time limit to file for intervention. USCIT Rule 24(a)(para.2). It reads:

> In an action described in 28 U.S.C. § 1581(c), a timely application shall be made no later than 30 days after the date of service of the complaint as provided for in Rule 3(e), unless for good cause shown at such later time for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; or (2) under circumstances in which by due diligence a motion to intervene under this subsection could not have been made within the 30–day period.

*Id.*

All parties rely on the multi-factor test set forth by *Sumitomo Metal Industries, Ltd. v. Babcock & Wilcox Co.,* 69 C.C.P.A. 75, 669 F.2d 703, 707 (Cust.& Pat.App.1982). In *Sumitomo,* the court ruled that in considering the timeliness of applications to intervene, the court must weigh: (1) the length of time that the movants knew or should have known of their right to intervene; (2) the prejudice to the rights of existing parties by allowing intervention against the prejudice to the movants by denying intervention; and (3) the existence of unusual circumstances militating either for or against a determination of timeliness. *Id.* at 707.

*Sumitomo* predated the 1993 amendment to Rule 24(a) that added the 30–day time limit. The Rule now states that "a timely application *shall* be made no later than 30 days after the date of service of the complaint ..., *unless* for good cause shown at such later time for the following reasons ... a motion to intervene under this subsection could not have been made within the 30–day period." USCIT Rule 24(a) (emphasis added). The language of the Rule expresses a clear mandatory standard that the court may waive the 30–day limit only if good cause is shown. USCIT Rule 24(a)(para.2). Accordingly, the court no longer needs to use the *Sumitomo* test, or any test of lateness other than that of the Rule, to determine whether a motion of intervention in actions brought under 28 U.S.C. § 1581(c) is timely. Rather, Rule 24 itself sets a specific time limit which may only be waived for good cause, and the criteria under which a court may find good cause are "(1) *mistake, inadvertence, sur-*

*prise* or *excusable neglect;* or (2) under circumstances in which by *due diligence* a motion to intervene under this subsection could not have been made within the 30–day period." USCIT Rule 24(a)(para.2) (emphasis added).

 Here, movants allege that their filings were delayed because they were unable to secure Maui's authorization. The details as to why Maui's approval could not be obtained timely are lacking. It is also not explained why the one reason offered for Maui delayed filing for the other movant. The court is not told whether or not with "due diligence" it would have been possible to file either motion within the 30–day period. Because no explanation for a due diligence defense was offered[2], *see* USCIT Rule 24(a)(para.2)(2), the court cannot grant the motions to intervene on that basis. The court must also rule out the failure to timely file as mistake or surprise because counsel did not claim to be unaware of the time limit. Finally, the movants deliberately waited for approval from a client before filing, and thus do not seem to be claiming inadvertence. The only basis for late filing remaining is excusable neglect. *See id.*

 The court has not set forth a test for excusable neglect in intervention as of right since Rule 24(a) was amended in 1993. The court has, however, recently addressed excusable neglect in another context. *See E.I. Dupont De Nemours & Co. v. United States,* 1998 WL 418116, 15 F.Supp.2d 859, 861 (CIT 1998) (denying a motion for an extension of time to file a notice of appeal because the

movant's failure to file on time was neither excusable neglect nor good cause).

· Movants argue that the court should grant the motions to intervene based upon the weighing of the lack of prejudice to the other parties and the severe prejudice to themselves. The Supreme Court has acknowledged a standard for excusable neglect that includes consideration of prejudice. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). In *E.I. Dupont,* the court followed the Supreme Court and stated that excusable neglect requires an analysis of:

"all relevant circumstances surrounding the party's ' omission ... [including] the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."

*E.I. Dupont,* 1998 WL 418116, 15 F.Supp.2d 859, 861 (quoting *Pioneer Inv. Servs.,* 507 U.S. at 395, 113 S.Ct. 1489).

Plaintiffs, relying on *Belton Industries, Inc. v. United States,* 16 CIT 555, 561, 797 F.Supp. 1000, 1006 (1992), *aff'd,* 6 F.3d 756 (Fed.Cir.1993), complain that intervention will prejudice them by forcing them to defend against two additional parties, and any defenses the parties might raise. In addition, they contend that they will have to spend additional resources that otherwise would not have been spent responding to confidential arguments from the intervenors.[3]

---

2. The movants' brief only states that "applicants for intervention are filing this motion at the earliest possible time, and had good cause to delay the filing by as short a period as possible." *Mot. to Intervene,* at 3.

3. Plaintiffs also rely on *Jernberg Forgings Co. v. United States,* 7 CIT 62, 64, 1984 WL 3701, at *2 (1984), *vacated on other grounds,* 8 CIT 245, 1984 WL 6072 (1984), and *Pistachio Group of the Ass'n of Food Indus. v. United States,* 10 CIT 475, 479, 642 F.Supp. 1176, 1179 (1986), *vacated on other grounds,* 11 CIT 537, 667 F.Supp. 886 (1987), both cases of late filings, to argue that the court has generally granted untimely motions only to ensure that parties who had made timely decisions were not prejudiced by their counsel.

For example, in *Jernberg,* the court found that failure to affix correct postage was excusable neglect because there was "a lack of prejudice to other parties and ... plaintiffs promptly sought to correct their error." 7 CIT at 64, 1984 WL 3701, at *2. Similarly, in *Pistachio,* a two day delay in filing a complaint due to inadvertent docketing was deemed excusable neglect "since no prejudice resulted to the opposing parties." 10 CIT at 480, 642 F.Supp. at 1180.

Plaintiffs present no precedent to convince the court that *Jernberg* or *Pistachio* limit excusable neglect to scenarios where the court is protecting parties from harm caused by their counsel's neglect. In fact, the principle that clients are generally held accountable for the "acts and omissions of their [chosen] attorneys," has been

In *Belton,* the Governments of Sri Lanka and Peru filed a post-judgment motion to intervene after a Notice of Appeal had been filed. *Id.* at 555, 797 F.Supp. at 1002. The court denied the motion holding that the prejudice caused by defending against additional parties, and any new issues the intervenors may raise on appeal, outweighed the prejudice to the movants, who sat on their right to intervene until the last moment. *Id.* at 561, 797 F.Supp. at 1006. An important part of the *Belton* decision was the fact that "intervention after a final [court] judgment was 'an extreme example of untimeliness.'" *Id.* at 557, 797 F.Supp. at 1003 (quoting *Halderman v. Pennhurst State Sch. & Hosp.,* 612 F.2d 131, 134 (3d Cir.1979)). This is not such an extreme case.

While the court realizes that plaintiffs may have justifiably believed that they had avoided some inconvenient or costly aspects of the action, we are unaware of any events that transpired during those seven days (such as briefings, judgments, or any substantive legal matters) which now prejudice plaintiffs by actually affecting any existing litigation. While litigation of these motions may itself be causing some delay, the court concludes any prejudice to plaintiffs is minimal.

■ Plaintiffs also argue that there is no reason to believe that the defendant cannot or will not adequately defend and protect the interests of the movants. Unlike the non-statutory right of intervention where the court must consider whether the current parties adequately represent the movants' interests to establish a right to intervene, USCIT Rule 24(a)(para.1)(2), the statutory right of intervention does not include such a factor, USCIT Rule 24(a)(para.1)(1). The court must assume that for the statutory right of intervention the issue is moot because the Rule recognizes that 28 U.S.C. § 2631(j)(1)(B) has codified a significant right and it explicitly permits intervention without further determination. *Id.* Parties with identified interests in the results of a review have the option to protect those interests by intervening in the proceedings. *See* USCIT Rule 24. To not allow them to do so is to prejudice them.

Plaintiffs suggest that allowing the movants to proceed as *amicus curiae* under USCIT Rule 76 would alleviate any prejudice to movants caused by denying their motion. Optimally, an *amicus* is an "impartial friend of the court." *United States v. Michigan,* 940 F.2d 143, 165 (6th Cir.1991). There has been, however, "a bright-line distinction between *amicus curiae* and named parties/real parties in interest." *Id.* Ordinarily, named parties may control the litigation and present issues, while the *amicus* can only respond to those issues. *Id.* Movants, however, are time barred from bringing their own case and thus even as intervenors before the CIT may not bring their own challenges to the Secretary's determination. Their role will be in support of the defendant. *See* 19 U.S.C. § 1516a(a)(2) (West Supp.1996); *Wire Rope Importers' Assoc. v. United States,* 18 CIT 478, 479–80, 1994 WL 235620, at *1 (1994). In sum, prejudice to movants may not be great, but it does exist, and *amicus* status will not totally alleviate that prejudice.

Against this background of minimal delay and prejudice to the existing parties and prejudice of some type to the movants, the court must assess the reason for the delay offered by movants. *See E.I. Dupont,* 1998 WL 418116, 15 F.Supp.2d 859, 861. Movants contend that they filed the motion at the earliest possible time since they were "unable to secure the necessary approval of [Maui] to intervene in this matter" until shortly before filing. *Mot. to Intervene,* at 2–3. Although the delay was not long and there is nothing to suggest that the movants are acting other than in good faith, it troubles the court that almost any party could effortlessly give a reason for delay similar to the movants' excuse. There is simply no "neglect." There was a conscious decision not to intervene timely and the facts leading up to that decision are not presented.

applied to cases of late filings. *See Unicorn Tales, Inc. v. Banerjee,* 138 F.3d 467, 470–71 (2d Cir.1998) (rejecting argument that clients should not be held accountable for attorney's failure to file appropriate motion). Rather, the court interprets *Jernberg* and *Pistachio* to reiterate the general principle that prejudice is considered to determine if "excusable neglect" exists.

Movants' excuse for filing late is pleaded without detail. Moreover, the movants knowingly filed their motion late. If the court were to allow intervention in a case with such a broad and unexplained excuse, it would permit parties to ignore the time limits of Rule 24, so long as they file early enough to continue the action without too much prejudice to the opposing parties. Such a decision would render the actual time limit superfluous. Under such a scenario, existing parties and the court might not know when to expect intervention, the proceedings on the merits could be interrupted and/or delayed by motions to intervene, and extra adjudication could be routinely required for parties who choose to file late. The court assumes the 30–day limit added in 1993 was intended to avoid this result. The time limit cannot be so easily avoided, even if some prejudice to the late filer results from denial of the motion.

## CONCLUSION

The court finds that the failure to file within the 30–day period was not based on any reason permitted by USCIT Rule 24(a). Motions to intervene are denied.