SLIP OP. 02-84

# UNITED STATES COURT OF INTERNATIONAL TRADE

_____
                                                  :
GEUM POONG CORPORATION AND SAM                    :
YOUNG SYNTHETICS CO., LTD.                         :
                          Plaintiffs,             :
                                                  :    Consolidated Court No. 00-06-00298
           v.                                     :
                                                  :
UNITED STATES OF AMERICA,                          :
                                                  :
                          Defendant,              :
                                                  :
           v.                                     :
                                                  :
E.I. DUPONT DE NEMOURS, INC. AND                   :
ARTEVA SPECIALITIES S.a.r.l., d/b/a               :
KOSA, and WELLMAN INC.,                            :
                                                  :
                   Defendant Intervenors. :
_____:

[Preliminary Injunction Denied; TRO Dissolved]

                                        Dated: August 6, 2002

Sandler, Travis & Rosenberg, P.A. (Philip S. Gallas, Gregory S. Menegaz and Mark. R. Ludwikowski) for plaintiffs.

Robert D. McCallum, Jr. Assistant Attorney General, David M. Cohen, Director, Lucius B. Lau, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Jonathan Sills), Scott D. McBride, Office of the General Counsel, United States Department of Commerce, of counsel, for defendant.

Collier Shannon Scott, PLLC (Paul C. Rosenthal, David C. Smith, Jr. and Grace W. Kim) for defendant-intervenors.

Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP (Andrew B. Schroth, Adam M. Dambrov and Eric Smithweiss) for plaintiff-intervenor William Barnet & Son, Inc.

Sandler, Travis & Rosenberg, P.A. (Arthur Purcell, Gregory S. Menegaz and Kenneth N. Wolf) for plaintiff-intervenor Consolidated Textiles, Inc.

## OPINION

**RESTANI, Judge:**

This matter is before the court on the motions of two plaintiff-intervenors, William Barnet & Son, Inc. and Consolidated Textiles, Inc. (collectively, "Plaintiff-Intervenors") for a preliminary injunction in this antidumping duty matter. Defendant United States consents to the enjoining of liquidation in accordance with 19 U.S.C. § 1516a(c)(2) (2000) (injunctive relief) to permit eventual liquidation in conformity with final court action. Defendant-Intervenors oppose.

Movants are importers of merchandise subject to the antidumping order who seek the benefit of the Department of Commerce's decision following court ordered remand in this action, see Geum Poong Corporation v. United States, 193 F. Supp. 2d 1363 (Ct. Int'l Trade 2002), which resulted in a lower antidumping margin for Plaintiff Geum Poong Corporation, which in turn lowers the "all others" rate. The lower all others rate will be applicable to movants should they obtain the injunction they seek. See 19 U.S.C. § 1516a(e)(2) (providing for liquidation in accordance with final court decision of "entries, the liquidation of which was enjoined under subsection (c)(2) of [§1516a]"). The court would have little reason to deny the injunction but for the fact that Plaintiff-Intervenors' status as intervenors, granted in conjunction with the granting of temporary restraining orders herein, is challenged, and party status is a necessary requisite to any relief. Thus, once again the court is called upon to apply Court of International Trade Rule 24 on intervention in a trade matter. USCIT Rule 24.

Defendant takes no position on the proper interpretation of the court rule at issue but alleges no prejudice to the governmental agency and therefore does not oppose intervention or injunctive relief. Defendant-Intervenor alleges prejudice because the funds available to them as

domestic parties qualifying under 19 U.S.C. § 1675c (2000)[1] to receive assessed duties will be reduced pending the injunction.[2] If the court were balancing hardships, it would be inclined to give movants' request to have its entries liquidated in accordance with the final court decision greater weight than Defendant-Intervenor's claim of a delay in access to funds, but that is not the only issue here.

The primary issue before the court is whether a party with an absolute right to intervene,[3] if it fails to do so within 30 days of the service of the complaint, may do so two years later because the litigation is now leaning its way, without satisfying the good cause test found in the rules. In Siam Food Prods. Pub. Co. v. United States, 22 CIT 826, 24 F. Supp. 2d 276 (1998), the court decided the issue of intervention as of right under USCIT Rule 24(a), and the import of the 30-day limit contained therein for actions filed under 28 U.S.C. § 1581(c)(1994), such as this case. There the court noted that the 30-day limit may be waived only for good cause, which is defined as mistake, inadvertence, surprise, excusable neglect, or inability to file within 30 days, despite due diligence. Siam Food, 22 CIT at 827, 24 F. Supp. 2d at 278. Finding none of the

---

[1]This provision allows members of the corresponding domestic industry, such as Defendant-Intervenor to be reimbursed for certain qualifying expenses from duties assessed on the subject merchandise.

[2]The court recently addressed this statutory provision in Altx, Inc. v. United States, Slip. Op. 02-66 (Ct. Int'l Trade July 12, 2002). In that case no antidumping order yet existed and the domestic industry movant was the party claiming prejudice from potentially diminished duty collection. Thus, the burdens were different.

[3] Both William Barret & Son, Inc., and Consolidated Textiles, Inc. appeared and participated as interested parties in the antidumping duty investigation underlying this action.

requisite causes shown, the court declined to allow intervention.[4] Id., 22 CIT at 830, 24 F. Supp. 2d at 281. Movants can cite no published opinion which explicitly dispenses with the requirements of the current rule, although in some cases late intervention has been permitted. What circumstances will permit such late intervention has not been made clear.

Movants argue that the time limit applies only to parties who contemplate "active litigation" and not to parties who merely seek liquidation in accordance with judicial review. First, the rule has no such limiting language. Second, if movants imply there can be no legally cognizable prejudice to any party as a result of such "limited intervention," here Defendant-Intervenors make out a case of at least potential prejudice flowing directly from such intervention because of the delay in assessment of duties to be placed in the fund established by 19 U.S.C. § 1675c. Thus, if the Rule 24(a) time limit has such an implicitly conscribed application, the implication does not arise in this case.

Movants also argue that the court will be flooded with pro forma motions to intervene and for injunctive relief if the time limit of Rule 24(a) is enforced. The court believes that questions of balancing court efficiency and the parties' burdens are addressed by the rule. The court concludes that, if necessary, the terms of rule may be revisited in the future, but the rule as it exists now must be applied even-handedly to all concerned.

Movants also seek intervention under Rule 24(b) (permissive intervention), but such intervention must be "timely" sought. Under 28 U.S.C. § 2631(j) (2000), however, permissive

---

[4]The parties discuss many cases which pre-date the 30-day limit which was added to the current rule by amendment in 1993. They do not inform the court.

intervention is apparently unavailable in unfair trade actions brought under 19 U.S.C. § 1516a.[5]

Even if permissive intervention were allowed in such cases, the court should be guided by the time limits applicable to intervention as of right in trade cases in deciding what is "timely" under Rule 24(b). A wholly different view of "timely" would nullify the specific 30-day limit of Rule 24(a).

The court concludes that movants have not even attempted to show good cause for failing to timely intervene. Movants could have intervened as of right from the outset and likely would have been granted injunctive relief, but under existing court rules they may not intervene now. Accordingly, the court's orders permitting such intervention are vacated.

The temporary restraining orders issued in this matter are dissolved.

_____
Jane A. Restani
JUDGE

Dated: New York, New York

This 6th day of August, 2002

_____

[5] The statute provides in relevant part as follows:

Any person who would be adversely affected or aggrieved by a decision in a civil action pending in the Court of International Trade may, by leave of court, intervene in such action, *except that* . . . in a civil action under section 516A of the Tariff Act of 1930 [19 USC § 1516a], only an interested party who was a party to the proceeding in connection with which the matter arose may intervene, and *such person may intervene as a matter of right*;

28 U.S.C. § 2631(j)(1)(B) (emphasis added).